Clair F. Martig and Edna I. Martig v. Commissioner.
Martig v. Commissioner
Docket No. 86672.
United States Tax Court
T.C. Memo 1961-332; 1961 Tax Ct. Memo LEXIS 17; 20 T.C.M. (CCH) 1704; T.C.M. (RIA) 61332; December 13, 1961
Paul A. Weick, Esq., for the petitioners. Buckley D. Sowards, Esq., for the respondent. FAY
Memorandum Opinion FAY, Judge: The Commissioner determined a deficiency in petitioners' income tax for the year 1957 in the amount of $123.31. *18 The only question to be decided is whether the petitioners are entitled to a dependency exemption for their student son who filed a joint return with his wife. All of the facts have been stipulated, are so found, and are incorporated herein by reference. The petitioners are residents of Toledo, Ohio, and filed their joint federal income tax return for the taxable year 1957 with the district director of internal revenue, Toledo, Ohio. On their return the petitioners claimed dependency exemptions for their son, Robert, and for their daughter-in-law (Robert's wife). [1]
In 1957 Robert was a full-time student at the Ohio State University, Columbus, Ohio, where he was a candidate for a Ph.D. degree. During the same period he and his wife resided in Columbus, Ohio. Robert and his wife filed a joint income tax return for 1957 wherein it was reported that Robert received wages from the Ohio Agricultural Experiment Station of $1,500 and that his wife received wages from the White Cross *19 Hospital of $955.22. The return disclosed that income tax was withheld from Robert's wages in the amount of $89.10 and from his wife's wages in the amount of $32.10. In addition, Robert and his wife reported a long-term capital loss of $5,926.62. After deducting a capital loss of $1,000, the maximum amount allowable, Robert and his wife reported adjusted gross income of $1,455.22 and claimed a refund of $121.20. Petitioners submitted no evidence that the amounts received by Robert or by his wife qualified for exclusion from gross income under any of the exclusionary provisions contained in sections 101 through 121 of the Internal Revenue Code of 1954. [2]
Section 6012 requires the filing of a return by every individual having gross income of $600 or more. The term gross income is defined in section 61 as including, but not limited to, "Compensation for services." In the absence of evidence to the contrary, it is apparent that Robert and his wife each had wages in excess of $600 and, accordingly, they were required to file a return, either individually or jointly. *20 They chose to file a joint return in accordance with the provisions of section 6013 and by so doing brought into play the provisions of section 151(e)(2). This latter section provides that: No exemption shall be allowed under this subsection for any dependent who has made a joint return with his spouse under section 6013 for the taxable year beginning in the calendar year in which the taxable year of the taxpayer begins. In view of the above, the petitioners are precluded by law from claiming an exemption for their son. Decision will be entered for the respondent. Footnotes
1. The Commissioner also disallowed the dependency exemption claimed by the petitioners for their daughter-in-law. However, at the hearing the petitioners conceded the correctness of this adjustment.↩
2. Unless otherwise designated, all references are to the Internal Revenue Code of 1954.↩